JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 12 CV 3935

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BRANDI A. WALZER,

Plaintiff,

**NOTICE OF REMOVAL**

v.

Case No. 12 Civ.

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY, THE CITY
OF NEW YORK, JANE DOES 1-5, AND JOHN DOES 1-
5,

Defendants.

*RECEIVED MAY 17 2012 U.S.D.C. S.D.N.Y. CASHIERS*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO:     THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**

Defendant City of New York ("City"), by and through its attorney, Michael A.
Cardozo, Corporation Counsel of the City of New York, respectfully shows this Court as
follows:

1.      On or about May 1, 2012, defendant City received a Summons and
Complaint by personal delivery, in the above-entitled action, filed in the Supreme Court of the
State of New York, County of New York, under Index No. 152124/2012, naming it as a
defendant therein, and setting forth the claims for relief upon which the action is based.  A copy
of plaintiff's Summons and Complaint is annexed hereto as Exhibit "A."

2.      On or about May 1, 2012, defendants Metropolitan Transportation
Authority ("MTA") and New York City Transit Authority ("NYCTA") received a Summons and
Complaint by personal delivery, in the above-entitled action.

3.      The above-captioned action is a civil action of which the District Court
has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises
under the laws and Constitution of the United States, and a violation of plaintiff's federal civil

rights by defendants.  This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

4.    On May 14, 2012, the undersigned contacted the attorney representing defendants MTA and NYCTA.  Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendants MTA and NYCTA consented to the removal of the action to the District Court.

5.    Plaintiff brings this lawsuit alleging, *inter alia*, that defendants' acts constituted discrimination based on her gender in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 *et. seq*, and the 14th Amendment of the U.S. Constitution. See Exhibit "A," ¶ 2.

6.    This Notice of Removal is timely because it is being filed within thirty (30) days of service of the initial pleading.  See 28 U.S.C. § 1446(b).

7.    Defendant City will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendant City respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:          New York, New York
                May 17, 2012

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants City of New York
                                    100 Church Street, Room 2-193
                                    New York, New York  10007
                                    (212) 227-3153
                                    wing@law.nyc.gov


                        By:         _____
                                    William H. Ng
                                    Assistant Corporation Counsel




TO:     Robert Wisniewski, P.C. (By first class regular mail)
        Attorney for Plaintiff
        225 Broadway, Suite 1020
        New York, NY 10007
        (212) 267-2101

        Kristen Nolan, Esq. (By first class regular mail)
        Attorney for Defendants Metropolitan Transportation Authority and
        New York City Transit Authority
        130 Livingston Street, 12th Floor
        Brooklyn, NY 11201
        (718) 694-5720

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

BRANDI A. WALZER,

Plaintiff/Petitioner,

- against -

Index No. 152124/2012

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY, THE CITY OF
NEW YORK, JANE DOES 1-5, AND JOHN DOES 1-5,

Defendant/Respondent.

----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 4/27/2012

_(Signature)_

Robert Wisniewski, Esq. _(Name)_

Robert Wisniewski P.C. _(Firm Name)_

225 Broadway, Suite 1020, New _(Address)_
York, NY 10007

(212) 587-8115 _(Phone)_

rw@rwapc.com _(E-Mail)_

To:   Metropolitan
      Transportation
      Authority, New York
      City Transit Authority,
      The City of New York

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

BRANDI A. WALZER,

**Index No.:**

Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY,
THE CITY OF NEW YORK, JANE DOES 1-5,
and JOHN DOES 1-5

Defendants

-------------------------------------------------------------------X

### SUMMONS AND VERIFIED COMPLAINT

ROBERT WISNIEWSKI P.C.
Attorney(s) for Plaintiff

Office and Post Office Address, Telephone
225 Broadway, Suite 1020
New York, NY 10007
Tel. (212) 267-2101

With my signature I certify that the within documents comply with 22 NYCRR 130.1.1.

Robert Wisniewski, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

BRANDI A. WALZER,

                                    Plaintiff,                          **SUMMONS**

                                                                        **Index No.:**
                                                                        **Date Purchased.:**

                      -against-                                         Pursuant to CPLR § 503
                                                                        Plaintiff designates New
                                                                        York County as the place of
                                                                        trial

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY,
THE CITY OF NEW YORK, JANE DOES 1-5,
and JOHN DOES 1-5,

                                                  Defendants
------------------------------------------------------------------X

*100 Church St 4fl. ny ny 10007*

To the above-named Defendants:


**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action

and to serve a copy of your Answer, or, if the complaint is not served with this summons, to

serve a notice of appearance on the Plaintiff's attorneys within 20 days after the service of this

Summons, exclusive of the day of service of this Summons, or within 30 days after service is

complete if this Summons is not personally delivered to you within the State of New York.


In case of your failure to appear or answer this Summons, a judgment by default with be

taken against you for the relief demanded in the Verified Complaint, together with the costs of this action.

Dated: New York, New York
      April 25, 2012

                ROBERT WISNIEWSKI P.C.

                By: _____
                      Robert Wisniewski
                Attorneys for Plaintiffs
                225 Broadway, Suite 1020
                New York, New York  10007
                (212) 267-2101

TO:

METROPOLITAN TRANSPORTATION AUTHORITY

347 Madison Avenue

New York, New York 10017


NEW YORK CITY TRANSIT AUTHORITY

130 Livingston Street

Brooklyn, New York 11201


THE CITY OF NEW YORK

Municipal Building

One Centre Street

New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X    *2012-019875*

BRANDI A. WALZER,

                                Plaintiff,

        -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
NEW YORK CITY TRANSIT AUTHORITY,
THE CITY OF NEW YORK, JANE DOES 1-5,
and JOHN DOES 1-5,

                                Defendants.

---------------------------------------------------------------X

## VERIFIED COMPLAINT

1.     Plaintiff Brandi A. Walzer, by her attorneys, Ivar Goldart and Robert Wisniewski P.C., as

    and for her Complaint against Defendants Metropolitan Transit Authority ("MTA"), New

    York City Transit Authority ("NYC Transit") and The City of New York (the "City"),

    states as follows:

## NATURE OF THE ACTION

2.     Plaintiff brings this action to recover damages under the New York Executive Law §296

    et seq. , N.Y. City Admin. Code §8-107 et seq. (New York Executive Law §296 and N.Y.

    City Admin. Code §8-107, are referred to, collectively, as "New York Human Rights

    Law"), the 14th Amendment to the Constitution of the United States and the New York

    State Constitution, Article I. § 11 for sex discrimination as well as Title VII of the Civil

    Rights Act, 42 U.S.C. §1981 *et seq.* as well as for money damages under the common law

    of the state of New York for negligence, or in the alternative, for negligent hiring and

    supervision of Defendants' employees.

3.     Plaintiff was  employed by Defendants in the provisional status of Road Car Inspector

("RCI") and was deprived, through negligent and/or fraudulent actions of the Defendants' employees, of an opportunity to participate in an examination which would allow her to demonstrate merit, fitness and ability for the position of an RCI, and was subsequently discriminated against by her employers on the basis of her sex during the application process for a position of a Cleaner (Labor Class).

## PARTIES, JURISDICTION AND VENUE

4.     Plaintiff, at all relevant times herein, was and is a resident of the State of New York, Kings County.

5.     Defendant City is a municipal corporation incorporated under the laws of the State of New York.

6.     Defendants MTA and NYC Transit are public agencies created and existing under the laws of the State of New York. MTA manages transit, buses, subways, trains, bridges and tunnels in New York City and surrounding areas including Long Island. NYC Transit is a public authority and an affiliate of the MTA that operates public transportation in New York City.

7.     Jane Does 1-5 and John Does 1-5 are employees of Defendants in various positions, whose negligent and/or intentional actions have deprived Plaintiff of her rights and caused her damage.

8.     This Court is a proper venue for this action because Defendants are situated in New York County and a majority of events giving rise to Plaintiff's claims occurred in this County.

## JURY DEMAND

9.     Plaintiff demands a trial by jury of all issues so triable in this action.

2

### FACTUAL BACKGROUND

10.     Plaintiff was employed by NYC Transit first as a trainee and thereafter in a provisional status by Defendants from approximately August 6, 2007 to approximately February 18, 2011 as a Road Car Inspector (hereinafter "RCI"), when she was discharged, allegedly owing to her failure to pass the civil service examination for the position of an RCI. Subsequently, in or about March 2011, Plaintiff was offered by the Defendants an opportunity to apply for the position of a Cleaner (Labor Class), but was denied employment for that position on or about April 7, 2011

11.     Upon information and belief, by statute and practice, supervision and control of hiring and retention decisions are the joint function of the MTA and City of New York. Specifically, the defendant New York City through the City of New York Civil Service Commission and the Department of Citywide Administrative Services oversees these functions.

12.     In or about Fall, 2007, Plaintiff completed training and various tests as a trainee RCI prior to being placed in the field. Subsequently, Plaintiff was promoted to a position of a provisional RCI, i.e. one who did not yet take a civil service examination for that position.

13.     Although over the years Defendants offered periodic civil service examinations for the position of an RCI, it was their pattern and practice to discourage provisional employees from taking such an examination by instilling in them a false conviction that their jobs were safe from labor cuts.

14.     As an RCI Plaintiff was required to respond to stalled trains or trains taken out of service,

3

wherever they came to stop.

15.     Typically Plaintiff was required to carry a tool chest that weighed between 50-60 pounds
        with several individual tools weighing 5 pounds or more.

16.     Train stoppages on which Plaintiff worked were most often caused by brake or door
        problems.

17.     While some of the emergencies were handled within the confines of the subway cars, on
        many jobs Plaintiff was required to work under or outside the cars.

18.     The jobs required an RCI, including Plaintiff, to locate the problem whether it be brake
        pipe rupture, accelerator issues, doors that did not open or were stuck in a closed position
        or broken or kicked out windows and get the train back in service or at least capable of
        being moved to a repair "barn".

### The Civil Service Examination for the Postion of an RCI

19.     After years of being discouraged from seeking permanent civil service status as an RCI,
        plaintiff was informed on or about September 23, 2010 that she had to sit for a civil
        service qualifying examination. Plaintiff was advised that she could no longer continue in
        the so-called "provisional status" and had to pass the civil servant test in order to gain
        "permanent" status or she would lose her position.

20.     On or about, October 7, 2010 Plaintiff sat for the examination to become a Road Car
        Inspector with the Defendants. On the afternoon of the test day, Plaintiff presented herself
        for the examination at MTA Offices at 14th Street and 8th Avenue in Manhattan along
        with with several of her colleagues from the shift. Plaintiff immediately noticed that the
        proctors' station was situated in such a way that they could not possibly be able to

4

observe exam takers at all times.

21.   At the examination, Plaintiff and several of her fellow provisional RCI's wore their RCI uniforms as the examination was scheduled to begin after their shift. Thus, Plaintiff as well as her fellow workers who wore their RCI uniforms were easily distinguishable from other examination takers.

22.   The RCI examination was divided into three time-defined parts: Part I– a circuit board test; Part II-- an assembly/disassembly test; and Part III – a trouble-shooting of an unknown problem test. The examination was given in a room which had several work stations and which were observed by a proctor who sat at a table at a distance. That proctor could not fully observe and/or supervise all test takers at all times.

23.   At the beginning of the examination, Plaintiff was assigned to a proctor Defendant John Doe-1, a man with a ponytail, who did not introduce himself. During the examination, Defendant John Doe-1 situated himself in a manner that did not permit him to observe Plaintiff's work and thereby was in no position to score her task performance for partial or full credit.

24.   During the examination Plaintiff advised her proctor John Doe-1 that tools that she was provided for the examination were defective, were not tools she was routinely given in the field to complete the same or similar tasks and those tools that were proper for the test were not properly calibrated. Defendant John Doe-1 offered no response to Plaintiff.

25.   During Part I of the examination, which John Doe-1 did not observe, Plaintiff was to wire a circuit board based on a schematic and, if she fully completed the assignment, a light

bulb was supposed to go off. At the end Part I, Plaintiff substantially completed the wiring of the circuit board but did not manage to finish it. At that time, John Doe-1 appeared, inspected the wiring on the circuit board and declared to Plaintiff that, even though she did not complete the wiring, whatever she did up to that point was wired correctly.

26.    During Part II of the examination, Plaintiff was required first to disassemble a mechanical part pursuant to detailed, step-by-step written instructions and then to assemble the part pursuant to such written instructions. John Doe-1 disappeared from Plaintiff's workspace as soon as he gave her the Part II assignment and did not observe her while she was disassembling the mechanical part pursuant to the instructions. When Plaintiff disassembled the part, she called for John Doe-1 who appeared, looked at the disassembled part for a second and told her, "Now, put it back together." He then walked off and did not observe how Plaintiff was assembling the part pursuant to the written, step-by-step instuctions. John Doe-1 reappeared only after Plaintiff had assembled the part. Plaintiff then gave him the part, and John Doe-1 put it away without even inspecting it.

27.    Part III of the examination involved trouble-shooting of a subway door-operator and taking down one's observations with a pencil on paper. Plaintiff was issued yet another inoperable instrument, a multimeter, which was a necessary instrument for this part. Plaintiff immediately advised her proctor, John Doe-1, about the broken instrument who remained silent. In light of John Doe-1's indifference, Plaintiff decided to proceed with trouble-shooting without the necessary instrument and recorded her observations with a pencil that she had been issued and directed to use. At the end of Part III, Plaintiff turned in her notes to proctor John Doe-1, who did not check the result of her work and did not

review Plaintiff's notes.

28.   Upon information and belief, the examination for the position of an RCI was not based on fair, objective or transparent criteria. The set-up and administration of the examination were entirely arbitrary, and the scoring of the examination was mostly, if not entirely, based on the subjective views of the proctors, including Defendant John Doe-1, who did not follow any established, objective criteria in their scoring. Further, neither John Doe-1 nor the other proctors, who scored Plaintiff's work at the examination, did not preserve the test components worked on by Plaintiff, did not make a record of their observations or comments about Plaintiff's efforts, even if partial, in any manner, which prevented review or appeal by Plaintiff.

29.   In or about February, 2011, Plaintiff found out that she did not pass the examination. In making her inquiry about the examination, Plaintiff discovered that, other than a total score, no record was made whatsoever of her examination work, and the parts that she was made to create or work on as part of the examination were not preserved. As a result of Plaintiff's examination results, she was discharged from her position with the Defendants on or about February 18, 2011.

30.   Plaintiff was shocked that she had not passed the examination. All of the tasks which she had performed on the examination appeared to be routine tasks which she had performed during the several years of her "provisional" work as an RCI. Further, prior to her work at NYC Transit, Plaintiff worked for the US Navy as an electrician and had substantial educational and work-related experience.

*Corruption at Defendant NYC Transit*

31.     In or about the same time, Plaintiff learned from colleagues and press reports that, in fact, there was corruption at NYC Transit and several persons were arrested by the New York City Police and subsequently charged with, among others, in a "jobs-for-cash scheme" which, upon information and belief, allowing unqualified applicants to pass the civil service examination for an RCI, such that competent and qualified examination takers, such as Plaintiff, were purposefully failed at the examination in order to make way for those who paid cash to Defendants' employees running the scheme out of Defendants' Human Resources  Department.

32.     Upon information and belief, Defendants Jane Does 1-3 and Defendants John Doe-1, and John Does-2 and 3, were involved in the "jobs-for-cash scheme" and negligently and/or intentionally scored Plaintiff's work at the examination in such a way that she received a failing score.

33.     Upon information and belief, the jobs-for-cash scheme and the improper scoring of the RCI examination resulted in layoffs of a substantial number of Defendants' RCI's, including Plaintiff, and the passage of the examination for an RCI by unqualified employees most of whom not only have problems naming, let alone using, the tools of the trade but who also barely speak English and cannot possibly communicate on the job, which affects the safety and life of hundreds of thousands of subway riders on a daily basis.

34.     Having learned of these developments, Plaintiff and others who did not pass the examination, lodged a complaint with Defendants' NYC DCAS Human Resources and the

8

MTA Inspector General's office.

*The Denial of Plaintiff's Application for Cleaner (Labor Class)*

35.   Mysteriously, in or about March of 2011 plaintiff was invited by Defendant NYC Transit to re-apply for a job, this time for the position of Cleaner (Labor Class).

36.   Plaintiff seasonally applied for the cleaner position including appearing in person and filing out required documents.

37.   Several male former RCIs and other discharged provisional employees received the same form notice relating to the Cleaner position and applied for the job and were hired.

38.   By letter dated April 7, 2011 (the "Letter"), Plaintiff was notified that she would not be hired as a Cleaner (Labor Class).

39.   Before joining the MTA plaintiff served in the Navy as an electrician. In connection with that assignment and general requirements of her service, Plaintiff was required to perform institutional maintenance and cleaning tasks. Further, in her position as a provisional RCI, Plaintiff was required physically to exert herself for years on a daily basis by, among others, carrying a 50-pound tool chest, moving or adjusting heavy subway car parts or components, walking large distances, climbing over and under subway cars, and making decisions that affected the safety and life of subway riders.

40.   Despite such stellar qualifications and previous work experience, Plaintiff was advised in the Letter that "after careful review of [Plaintiff's] qualifications [she] was not selected for appointment to the Cleaner TA position," whose primary duty presumably it is to push a broom and carry a bucket of water, activities far less taxing both physically and intellectually than those in which Plaintiff had engaged in whilst an RCI.

41. Upon information and belief, the "careful review of Plaintiff's qualifications" was peformed by Defendants Jane Does-4 and 5 and John Does-4 and 5.

42. Plaintiff was denied employment for the position of Cleaner (Labor Class) because of her gender.

43. As a result of Defendants' inaccurate scoring of Plaintiff's examination for the Road Car Inspector position, their wrongful discharge of Plaintiff, their denial of Plaintiff's employment application for a Cleaner position, and the preferential treatment given to male workers, Plaintiff has suffered loss of income, lost future earnings, and mental anguish, pain and suffering.

### FIRST CLAIM FOR RELIEF
### (Negligence against Defendants)

44. Plaintiff repeats and realleges each and every allegation previously set forth.

45. Plaintiff was an employee of Defendants.

46. Defendants' other employees, including Examination Proctors and Defendants Jane Does 1-5 and John Does 1-5 acted within the scope of their employment and were agents of Defendants.

47. Defendants were under a duty to provide all civil service test takers, including Plaintiff, with a civil service test based on fair, objective and transparent criteria. Defendants further owed all test takers, including Plaintiff, a duty properly to administer the test and base the scoring on established, transparent and objective criteria. Further, Defendants were under a duty to preserve the test components worked on by test takers, including Plaintiff, and preserve a record of their observations or comments about Plaintiff's efforts, even if

partial, in any manner, which could allow for a review or appeal by test takers, including Plaintiff.

48.     As a direct and proximate result of the wrongful actions by Defendants, their servants, agents and employees, Plaintiff has suffered a loss of substantial income and professional opportunities with the MTA, as well as irreparable injury to her personal and professional dignity and has suffered mental anguish and extreme emotional distress.

49.     Plaintiff seeks on this claim compensatory damages to be determined at trial but belived to be not less than One Million Dollars ($1,000,000.00) plus pre-judgement interst and costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Negligent Hiring and Supervision against the Defendants)

50.     Plaintiff repeats and realleges each and every allegation previously set forth herein.

51.     Defendants had a duty to supervise their servants and agents and to exercise due care in the hiring and retention of their servants and agents.

52.     Defendants owed Plaintiff and others a duty of reasonable care in the performance of their managerial, supervisory, test-administration and human resources staff. This duty of reasonable care included: the fostering of appropriate policies and procedures that would prevent corruption; the hiring, training and supervision of supervisors, managers, test administrators, test proctors, human resources staff and other employees, agents and/or servants, as well as the training and supervision of agents, servants and employees.

53.     By their conduct as described herein, Defendants breached that duty of reasonable care and were negligent in performing their duties in hiring and supervising their servants and

agents, by failing to provide an appropriate civil service test to Plaintiff and ensuring that Plaintiff was not denied employment opportunities for which she was qualified on the basis of her sex.

54. Defendants' negligence directly and proximately caused injury to the Plaintiff by causing her to sustain a loss of substantial income and professional opportunities with the MTA, as well as irreparable injury to her personal and professional dignity and has suffered mental anguish and extreme emotional distress.

55. Plaintiff seeks on this claim compensatory damages to be determined at trial but belived to be not less than One Million Dollars ($1,000,000.00) plus pre-judgement interst and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Gross Negligence Against All Defendants)

56. Plaintiff repeats and realleges each and every allegation previously set forth.

57. Plaintiff's loss of substantial income and professional opportunities with the MTA, as well as irreparable injury to her personal and professional dignity and mental anguish and extreme emotional distress all were caused by reason of the gross negligence, carelessness and recklessness of each of the Defendants, their servants, agents and employees.

58. That by reason of the foregoing, Plaintiff actual damages in an amount to be determined at trial but believed to be not less than One Million Dollars ($1,000,000.00), plus interest and costs and punitive damages in an amount not less than One Million Dollars ($1,000,000.00).

## FOURTH CLAIM FOR RELIEF
### (Sex Discrimination under N.Y. Executive Law 296 against Defendants)

59.    Plaintiff repeats and realleges each and every allegation previously set forth.

60.    At all relevant times herein, Defendants had at least four persons in their employ and

therefore Defendants and their agents and employees are and were required to comply with

the Human Rights Laws of the State of New York, including N.Y. Executive Law §296.

61.    N.Y. Executive Law §296(3)(a) prohibits employers from discriminating against an

employee because of sex "in compensation or in terms, conditions or privileges of

employment."

62.    N.Y. Executive Law §296(6) provides that it is "an unlawful discriminatory practice for

any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden

under this chapter, or to attempt to do so."

63.    Plaintiff was discriminated against by being denied reemployment as a Cleaner solely on

the basis of her gender.

64.    Said discrimination occurred with malice and reckless disregard of Plaintiff's rights.

65.    As a direct and proximate result of this discrimination against Plaintiff, she suffered and

continues to suffer actual damages, in forms including but not limited to lost income, lost

future earnings and mental anguish, pain and suffering.

## FIFTH CLAIM FOR RELIEF
### (Sex Discrimination under N.Y. City Admin. Code §8-107 against Defendants)

66.    Plaintiff repeats and realleges each and every allegation previously set forth.

67.    At all relevant times herein, the Defendants had at least four persons in their employ and

13

therefore the Defendants and their agents and employees were required to comply with the Civil Rights Laws of the City of New York, including N.Y. City Admin. Code §8-107.

68.   N.Y. City Admin. Code §8-107(1)(a) prohibits employers from discriminating against an employee because of sex "in compensation or in terms, conditions or privileges of employment."

69.   N.Y. City Admin. Code §8-107(6) provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

70.   Plaintiff was discriminated against by being denied re-employment as a Cleaner solely on the basis of her gender.

71.   The discrimination against Plaintiff on the basis of her sex was sufficiently severe and pervasive to alter the terms and conditions of her employment and create an abusive working environment in violation of N.Y. City Admin. Code §8-107(1).

72.   Said discrimination occurred with malice and reckless disregard of Plaintiff's rights.

73.   As a direct and proximate result of this discrimination against Plaintiff, she suffered and continues to suffer actual damages, in forms including but not limited to lost income, lost future earnings and mental anguish, pain and suffering.

## FIFTH CLAIM FOR RELIEF
### (Sex Discrimination under New York State Constitution Article I § 11 against the Defendants)

74.   Plaintiff repeats and realleges each and every allegation previously set forth herein.

75.   Defendants' conduct was motivated by the intent to discriminate against Plaintiff based on sex in violation of New York State Constitution Article I § 11.

- 14 -

76.     Defendants' unlawful sex discrimination against Plaintiff was willful and deliberate and is

based upon policies and practices which deny women equal opportunity to work as

Cleaners and other similar positions for the Defendants.

77.     As a direct and proximate result of the Defendants' wrongful actions complained of

herein, Plaintiff has suffered a loss of substantial income and professional opportunities, as

well as irreparable injury to Plaintiff's personal and professional dignity and reputation

and has suffered mental anguish and extreme emotional distress.

78.     In addition, Defendants' conduct has been reckless and grossly negligent, and Plaintiff is

entitled to punitive damages.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and

thereafter Plaintiffs demand a trial by jury and judgment against all Defendants as follows:

a.      Compensatory damages in an amount to be determined at trial;

b.      Punitive damages in an amount to be determined at trial;

c.      Economic loss;

5.      Pre-judgment interest;

6.      Plaintiff's costs and reasonable attorneys' fees;

8.      Back pay and front pay, and all benefits to which Plaintiff was entitled;


[no more text on this page]

9.      Reinstatement of Plaintiff to her former position; and

together with such other and further relief that the Court deems just.

Dated: New York, New York
       April 23, 2012

By: _____

Ivar Goldart
375 South End Avenue, Suite 18C
New York NY 10280

Robert Wisniewski P.C.

By: _____

Robert Wisniewski ( RW-5308)
225 Broadway, Suite 1020
New York, New York  10007
Tel. (212) 267-2101

*Attorneys for Plaintiff*

16

# VERIFICATION

STATE OF NEW YORK   )
                         ) ss:
COUNTY OF NEW YORK )

        I, BRANDI A. WALZER, being duly sworn, depose and say that:  I am the individual Plaintiff in the within action for personal injury; I have read the foregoing Complaint and know the contents thereof; the contents of the Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: New York, NY
       April 24, 2012

                                                BRANDI A. WALZER

Subscribed and sworn to before me
on April 24, 2012

                      ROBERT J. WISNIEWSKI
Notary Public Notary Public, State of New York
                      No. 02WI6103838
                   Qualified in Queens County
            Commission Expires January 12, 20.16

Docket No. 12 Civ. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDI A. WALZER,

Plaintiff,

v.

METROPOLITAN TRANSPORTATION
AUTHORITIES, NEW YORK CITY TRANSIT
AUTHORITY, THE CITY OF NEW YORK, JANE
DOES 1-5, AND JOHN DOES 1-5,

Defendants.

### NOTICE OF REMOVAL

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Rm. 2-193*
*New York, N.Y. 10007*

*Of Counsel: William H. Ng*
*Tel: (212) 227-3153*
*Matter No. 2012-019875*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................., 201*

*.................................................................... Esq.*

*Attorney for................................................................*